B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF DELAWARE | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**4Change Energy Company** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|

| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):  **See Rider 1** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
|---|---|

| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):  **75-2959527** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
|---|---|

| Street Address of Debtor (No. and Street, City, and State):<br>**Energy Plaza**<br>**1601 Bryan Street**<br>**Dallas, Texas**<br><div align="right">ZIP CODE **75201**</div> | Street Address of Joint Debtor (No. and Street, City, and State):<br><br><br><div align="right">ZIP CODE</div> |
|---|---|

| County of Residence or of the Principal Place of Business:  **Dallas** | County of Residence or of the Principal Place of Business: |
|---|---|

| Mailing Address of Debtor (if different from street address):<br><div align="right">ZIP CODE</div> | Mailing Address of Joint Debtor (if different from street address):<br><div align="right">ZIP CODE</div> |
|---|---|

Location of Principal Assets of Business Debtor (if different from street address above):

<div align="right">ZIP CODE</div>

| Type of Debtor<br>(Form of Organization)<br>(Check **one** box.) | Nature of Business<br>(Check **one** box.) | Chapter of Bankruptcy Code Under Which the<br>Petition is Filed (Check **one** box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other:  **Energy** | ☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check **one** box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☒ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors (on a consolidated basis)

| ☐<br>1-49 | ☐<br>50-99 | ☐<br>100-199 | ☐<br>200-999 | ☐<br>1,000-5,000 | ☐<br>5,001-10,000 | ☐<br>10,001-25,000 | ☐<br>25,001-50,000 | ☐<br>50,001-100,000 | ☒<br>Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets (on a consolidated basis)

| ☐<br>$0 to $50,000 | ☐<br>$50,001 to $100,000 | ☐<br>$100,001 to $500,000 | ☐<br>$500,001 to $1 million | ☐<br>$1,000,001 to $10 million | ☐<br>$10,000,001 to $50 million | ☐<br>$50,000,001 to $100 million | ☐<br>$100,000,001 to $500 million | ☐<br>$500,000,001 to $1 billion | ☒<br>More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities (on a consolidated basis)

| ☐<br>$0 to $50,000 | ☐<br>$50,001 to $100,000 | ☐<br>$100,001 to $500,000 | ☐<br>$500,001 to $1 million | ☐<br>$1,000,001 to $10 million | ☐<br>$10,000,001 to $50 million | ☐<br>$50,000,001 to $100 million | ☐<br>$100,000,001 to $500 million | ☐<br>$500,000,001 to $1 billion | ☒<br>More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | **Name of Debtor(s):**<br>**4Change Energy Company** | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor:  **See attached Schedule 1** | Case Number: | Date Filed: |
| District:  **District of Delaware** | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br><br>☐   Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>      Signature of Attorney for Debtor(s)        (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☒   No, and Exhibit C is attached with further comments.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)                                                                                                    Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | 4Change Energy Company |

| **Signatures** ||

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>  Signature of Debtor<br><br>X _____<br>  Signature of Joint Debtor<br><br>_____<br>  Telephone Number (if not represented by attorney)<br><br>_____<br>  Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>  (Signature of Foreign Representative)<br><br>_____<br>  (Printed Name of Foreign Representative)<br><br>_____<br>  Date |

| **Signature of Attorney\*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|
| X *_/s/ Daniel J. DeFranceschi_*<br>  Signature of Attorney for Debtor(s)<br><br>**Daniel J. DeFranceschi (No. 2732)**<br>  Printed Name of Attorney for Debtor(s)<br><br>**Richards, Layton & Finger, P.A.**<br>  Firm Name<br><br>**920 North King Street, Wilmington, DE 19801**<br>  Address<br><br>**(302) 651-7700**<br>  Telephone Number<br>April 29, 2014<br>  Date<br><br>\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that:(1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>  Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>  Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>  Signature of Authorized Individual<br>  **Anthony R. Horton**<br>  Printed Name of Authorized Individual<br>  **Treasurer**<br>  Title of Authorized Individual<br>April 29, 2014<br>  Date | _____<br>  Address<br><br>X _____<br>  Signature<br><br>_____<br>  Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

### Rider 1 to 4Change Energy Company Voluntary Petition

All other names used by the Debtor in the last 8 years:  4Change; 4 Change Energy; TXU SESCO Energy; and TXU SESCO Energy Services Company.

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

As of the date hereof, each of the entities listed below (the "Debtors") filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Energy Future Holdings Corp.

- Energy Future Holdings Corp.
- 4Change Energy Company
- 4Change Energy Holdings LLC
- Big Brown 3 Power Company LLC
- Big Brown Lignite Company LLC
- Big Brown Power Company LLC
- Brighten Energy LLC
- Brighten Holdings LLC
- Collin Power Company LLC
- Dallas Power & Light Company, Inc.
- DeCordova II Power Company LLC
- DeCordova Power Company LLC
- Eagle Mountain Power Company LLC
- EBASCO SERVICES OF CANADA LIMITED
- EEC Holdings, Inc.
- EECI, Inc.
- EFH Australia (No. 2) Holdings Company
- EFH CG Holdings Company LP
- EFH CG Management Company LLC
- EFH Corporate Services Company
- EFH Finance (No. 2) Holdings Company
- EFH FS Holdings Company
- EFH Renewables Company LLC
- EFIH FINANCE INC.
- Energy Future Competitive Holdings Company LLC
- Energy Future Intermediate Holding Company LLC
- Generation Development Company LLC
- Generation MT Company LLC
- Generation SVC Company
- Lake Creek 3 Power Company LLC
- Lone Star Energy Company, Inc.
- Lone Star Pipeline Company, Inc.
- LSGT Gas Company LLC
- LSGT SACROC, Inc.
- Luminant Big Brown Mining Company LLC
- Luminant Energy Company LLC

- Luminant Energy Trading California Company
- Luminant ET Services Company
- Luminant Generation Company LLC
- Luminant Holding Company LLC
- Luminant Mineral Development Company LLC
- Luminant Mining Company LLC
- Luminant Renewables Company LLC
- Martin Lake 4 Power Company LLC
- Monticello 4 Power Company LLC
- Morgan Creek 7 Power Company LLC
- NCA Development Company LLC
- NCA Resources Development Company LLC
- Oak Grove Management Company LLC
- Oak Grove Mining Company LLC
- Oak Grove Power Company LLC
- Sandow Power Company LLC
- Southwestern Electric Service Company, Inc.
- TCEH Finance, Inc.
- Texas Competitive Electric Holdings Company LLC
- Texas Electric Service Company, Inc.
- Texas Energy Industries Company, Inc.
- Texas Power & Light Company, Inc.
- Texas Utilities Company, Inc.
- Texas Utilities Electric Company, Inc.
- Tradinghouse 3 & 4 Power Company LLC
- Tradinghouse Power Company LLC
- TXU Electric Company, Inc.
- TXU Energy Receivables Company LLC
- TXU Energy Retail Company LLC
- TXU Energy Solutions Company LLC
- TXU Receivables Company
- TXU Retail Services Company
- TXU SEM Company
- Valley NG Power Company LLC
- Valley Power Company LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 4CHANGE ENERGY COMPANY, | ) | Case No. 14-_____ (___) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |
| Tax ID: 75-2959527 | ) | |

## EXHIBIT C TO VOLUNTARY PETITION

1.      Identify and briefly describe all real or personal property owned by, or in possession of, the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

- The above-captioned debtor (the "Debtor") does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety. The Debtor notes that it is not aware of any definition of "imminent and identifiable harm" as used in this form.

- The Debtor or other of its affiliated entities filing petitions herewith (collectively, the "Debtors") have been and are currently engaged in litigation with certain governmental units and private third parties related to certain real property owned or possessed by the Debtors and the Debtors have also been and are currently engaged in remediation efforts at certain real property owned or possessed by the Debtors. The Debtors do not believe that this real property poses a "threat of imminent and identifiable harm to the public health or safety."

2.      With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

- The Debtor is not aware of any dangerous conditions existing on or related to any real or personal property owned or possessed by the Debtor that pose or are alleged to pose a threat of imminent and identifiable harm to the public health or safety. The Debtor notes that it is not aware of any definition of "imminent and identifiable harm" as used in this form.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| 4CHANGE ENERGY COMPANY, | ) Case No. 14-_____ (___) |
| | ) |
| Debtor. | ) (Joint Administration Requested) |
| | ) |
| Tax ID: 75-2959527 | ) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1, the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interests:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| 4Change Energy Holdings LLC | 100% |

## DECLARATION UNDER PENALTY OF PERJURY

I, Anthony R. Horton, the undersigned authorized signatory of 4Change Energy Company, named as the debtor in this case, declare under penalty of perjury that I have read the foregoing corporate ownership statement and that it is true and correct to the best of my information and belief.

Dated: April 29 , 2014

_____
Anthony R. Horton
Treasurer

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 4CHANGE ENERGY COMPANY, | ) | Case No. 14-_____ (___) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |
| Tax ID: 75-2959527 | ) | |

### LIST OF EQUITY SECURITY HOLDERS

| DEBTOR | EQUITY HOLDER | ADDRESS OF EQUITY HOLDER | NUMBER OF SHARES OR UNITS HELD / PERCENTAGE OF EQUITY HELD |
|---|---|---|---|
| 4Change Energy Company | 4Change Energy Holdings LLC | Energy Plaza 1601 Bryan Street Dallas, Texas 75201 | 1,000 shares of common stock issued and outstanding |

### DECLARATION UNDER PENALTY OF PERJURY

I, Anthony R. Horton, the undersigned signatory of 4Change Energy Company, named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list of equity security holders and that it is true and correct to the best of my information and belief.

Dated: April 29 , 2014

Anthony R. Horton
Treasurer

## OMNIBUS WRITTEN CONSENT IN LIEU OF A MEETING OF
## THE BOARD OF DIRECTORS OF 4CHANGE ENERGY COMPANY
## AND THE BOARD OF MANAGERS OF 4CHANGE ENERGY HOLDINGS LLC

April 28, 2014

The undersigned, being all of the members of the respective Board of Directors or Managers (each, an "Authorizing Body" and collectively, the "Authorizing Bodies") of 4Change Energy Company, a Texas corporation and 4Change Energy Holdings LLC, a Texas limited liability company (each a "Company" and collectively, the "Companies"), in lieu of holding a meeting of the Authorizing Bodies, hereby take the following actions and adopt the following resolutions by written consent (this "Consent") pursuant to the organizational documents of the Companies and the laws of the State of Texas:

### CHAPTER 11 FILING

WHEREAS, the Authorizing Bodies considered presentations by the management and the financial and legal advisors of the Companies regarding the liabilities and liquidity situation of the Companies, the strategic alternatives available to it and the effect of the foregoing on the Companies' business; and

WHEREAS, the Authorizing Bodies have had the opportunity to consult with the management and the financial and legal advisors of the Companies and fully consider each of the strategic alternatives available to the Companies.

NOW, THEREFORE, BE IT,

RESOLVED, that in the judgment of the Authorizing Bodies, it is desirable and in the best interests of the Companies, their creditors, and other parties in interest, that the Companies shall be and hereby are authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by the Companies' affiliates, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction (the "Bankruptcy Court"); and

RESOLVED, that any officers of the Companies (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Companies all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Companies' businesses.

**RESTRUCTURING SUPPORT AGREEMENT**

WHEREAS, some members of the Authorizing Bodies are members of the boards of other companies that would be released under the terms of the Restructuring Support Agreement (as defined herein) and related documents;

WHEREAS, members of the Authorizing Bodies would also be released under the Restructuring Support Agreement and related documents;

WHEREAS, the members of the Authorizing Bodies have acknowledged that the material facts relating to the relationships or interests of other Authorizing Bodies members with other companies and other material relationships in connection with the releases in the Restructuring Support Agreement contemplated by this resolution have been disclosed to them or are otherwise known to them, as contemplated by Sections 21.418 and 101.255 of the Texas Business Organizations Code (the "TBOC") or the Companies' governing documents, to the extent applicable;

WHEREAS, the member of the Authorizing Bodies that is disinterested (within the meaning of Sections 21.418 and 101.255 of the TBOC or the Companies' governing documents, to the extent applicable) with respect to the releases has reviewed the terms and conditions of the Restructuring Support Agreement and related documents and has recommended that each be approved;

WHEREAS, the members of the Authorizing Bodies acknowledge and believe that the Restructuring Support Agreement is procedurally and substantively fair to the Companies as contemplated by Section 21.418(b)(2) of the TBOC, Section 101.255(b)(2) of the TBOC, or the Companies' governing documents, to the extent applicable;

WHEREAS, the Authorizing Bodies has determined that it is in the best interest of the Companies, their creditors and other parties in interest for the Authorizing Bodies to authorize the Companies to enter into that certain restructuring support and lockup agreement (the "Restructuring Support Agreement") by and among the Companies, certain of their affiliates, certain consenting creditors, and certain consenting interest holders substantially in the form presented to the Companies' Authorizing Bodies on or in advance of the date hereof.

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are,

2

authorized and empowered to enter on behalf of the Companies into the Restructuring Support Agreement.

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to enter on behalf of the Companies into a restructuring transaction or series of restructuring transactions by which the Companies will restructure their debt obligations and other liabilities, including but not limited to the restructuring transactions as described in the Restructuring Support Agreement (collectively, the "Restructuring Transactions").

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents in furtherance of the Restructuring Transactions to which the Companies are or will be a party, including, but not limited to, the Restructuring Support Agreement (collectively, the "Restructuring Documents"), to incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to each Authorizing Body, with such changes, additions and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof.

RESOLVED, that each of the Authorized Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Companies to take any and all actions to (i) obtain approval by the Bankruptcy Court or any other regulatory or governmental entity of the Restructuring Documents in connection with the Restructuring Transactions, and (ii) obtain approval by the Bankruptcy Court or any other regulatory or governmental entity of any Restructuring Transactions.

RESOLVED, that each of the Authorized Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Companies, to execute and deliver any documents or to do such other things which shall in their sole judgment be necessary, desirable, proper or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof.

**RETENTION OF PROFESSIONALS**

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as general bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Richards, Layton, & Finger, P.A. as co-bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Richards, Layton, & Finger, P.A.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Evercore Partners, Inc. as financial advisor to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Officers are, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Evercore Partners, Inc.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Alvarez & Marsal North America, LLC as restructuring advisor to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Alvarez & Marsal North America, LLC.

4

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Filsinger Energy Partners, Inc. as energy consultant to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Filsinger Energy Partners, Inc.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Epiq Bankruptcy Solutions, LLC as notice, claims, and balloting agent and as administrative advisor to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq Bankruptcy Solutions, LLC.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Deloitte & Touche LLP as independent auditor to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Deloitte & Touche LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of KPMG LLP as accounting and tax advisors to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of KPMG LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Towers

KE 28281694.4

Watson & Co. as compensation consultants to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Towers Watson & Co.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of PricewaterhouseCoopers LLP  as internal auditing advisors and information security consultants to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of PricewaterhouseCoopers LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Ernst & Young LLP  as tax auditing advisors and information technology consultants to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Ernst & Young LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Companies in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists,

applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Companies' chapter 11 case, with a view to the successful prosecution of such case.

## CASH COLLATERAL AND ADEQUATE PROTECTION

RESOLVED, that the Companies will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Collateral"), which is security for the prepetition lenders (collectively, the "First Lien Creditors") party to:

(a) that certain credit agreement dated as of October 10, 2007 (as amended, modified, or supplemented and in effect immediately prior to the Petition Date, the "First Lien Credit Agreement"), among Texas Competitive Electric Holdings Company LLC ("TCEH"), as borrower, Energy Future Competitive Holdings Company LLC ("EFCH"), as successor to Energy Future Competitive Holdings Company, as parent guarantor, certain of TCEH's subsidiaries, including 4Change Energy Company, 4Change Energy Holdings LLC, Big Brown 3 Power Company LLC, Big Brown Lignite Company LLC, Big Brown Power Company LLC, Collin Power Company LLC, Decordova Power Company LLC, Decordova II Power Company LLC, Eagle Mountain Power Company LLC, Generation MT Company LLC, Generation SVC Company, Lake Creek 3 Power Company LLC, Luminant Big Brown Mining Company LLC, Luminant Energy Company LLC, Luminant Energy Trading California Company, Luminant ET Services Company, Luminant Generation Company LLC, Luminant Holding Company LLC, Luminant Mineral Development Company LLC, Luminant Mining Company LLC, Luminant Renewables Company LLC, Martin Lake 4 Power Company LLC, Monticello 4 Power Company LLC, Morgan Creek 7 Power Company, NCA Resources Development Company LLC, Oak Grove Management Company LLC, Oak Grove Mining Company LLC, Oak Grove Power Company LLC, Sandow Power Company LLC, TCEH Finance, Inc., Tradinghouse 3 & 4 Power Company LLC, Tradinghouse Power Company LLC, TXU Energy Retail Company LLC, TXU Energy Solutions Company LLC, TXU Retail Services Company, TXU SEM Company, Valley NG Power Company LLC, and Valley Power Company LLC, as subsidiary guarantors (collectively, the "Subsidiary Guarantors"), Citibank N.A., as administrative and collateral agent or its successor (the "Agent"), and the lenders that are parties thereto from time to time;

7

(b) that certain indenture (the "First Lien Notes Indenture," and, together with all other loan and security documents (including, without limitation, the "Security Documents" as defined in the First Lien Credit Agreement and the First Lien Notes Indenture) related to, referenced in, or executed in connection with the First Lien Credit Agreement or the First Lien Notes Indenture, the "First Lien Facilities"), dated April 19, 2011, for the 11.50% senior secured notes due October 1, 2020, by and among TCEH and TCEH Finance, Inc., as issuers, BOKF, NA, dba Bank of Arizona, as indenture trustee, and EFCH and the Subsidiary Guarantors, as guarantors; and

(c) certain obligations to counterparties under certain (i) secured commodity hedges and (ii) first lien interest rate swaps used to hedge interest rate exposure on their variable rate debt as provided for under the First Lien Facilities.

RESOLVED, that in order to use and obtain the benefits of the Collateral, and in accordance with section 363 of the Bankruptcy Code, the Companies will provide certain adequate protection to the First Lien Creditors (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Cash Collateral Order") and submitted for approval to the Bankruptcy Court.

RESOLVED, that the form, terms and provisions of the Cash Collateral Order to which each of the Companies are or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted and approved, and each of the Authorized Officers of the Companies be, and they hereby are, authorized and empowered, in the name of and on behalf of the Companies, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of, the Cash Collateral Order, and such other agreements, certificates, instruments, receipts, petitions, motions or other papers or documents to which such Companies are or will be a party (collectively with the Cash Collateral Order, the "Cash Collateral Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Authorizing Bodies, with such changes, additions and modifications thereto as the officers of the Companies executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof.

RESOLVED, that the Companies, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the Adequate Protection Obligations (as set forth in the Cash

Collateral Order) and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Documents (collectively, the "Adequate Protection Transactions").

RESOLVED, that the Authorized Officers of the Companies be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed and empowered in the name of, and on behalf of, the Companies, as debtors and debtors in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the Cash Collateral Documents and such agreements, certificates, instruments, guaranties, notices and any and all other documents, including, without limitation, any amendments to any Cash Collateral Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agent; and (c) such forms of deposit, account control agreements, officer's certificates and compliance certificates as may be required by the Cash Collateral Documents or any other Adequate Protection Document.

RESOLVED, that each of the Authorized Officers of the Companies be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Companies to file or to authorize the Agent to file any Uniform Commercial Code (the "UCC") financing statements, any mortgages, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Companies that the Agent deems necessary or appropriate to perfect any lien or security interest granted under the Cash Collateral Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Companies and such other filings in respect of intellectual and other property of the Companies, in each case as the Agent may reasonably request to perfect the security interests of the Agent under the Cash Collateral Order.

RESOLVED, that each of the Authorized Officers of the Companies be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Companies to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Companies in connection with the foregoing

9

resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Companies' obligations under or in connection with the Cash Collateral Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

RESOLVED, that each of the Authorized Officers of the Companies be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Companies, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Cash Collateral Order or any of the Adequate Protection Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof.

## DEBTOR-IN-POSSESSION FINANCING

RESOLVED, that the Companies, as debtors and debtors in possession under the Chapter 11 Cases shall be, and hereby are, authorized by the Authorizing Bodies to: (a) undertake any and all transactions contemplated in the Senior Secured Superpriority Debtor-in-Possession Credit Agreement (the "DIP Credit Agreement") by and among TCEH, as the Borrower, EFCH, as the Parent Guarantor, the lending institutions from time to time parties thereto, as Lenders, the letter of credit issuers from time to time parties thereto, as Letter of Credit Issuers, Citibank, N.A., as Administrative Agent and Collateral Agent for the Lenders (together, the "DIP Agent") and the other Joint Lead Arrangers party thereto, on substantially the terms and subject to the conditions described to the Authorizing Bodies and as set forth in the DIP Credit Agreement or as may hereafter be fixed or authorized by the Boards of Managers or each of the Authorized Officers (and their designees and delegates), acting alone or with one or more other Authorized Officers; (b) borrow funds from, request the issuance of letters of credit, provide guaranties to and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions" and each such transaction a "Financing Transaction") with such Lenders and on such terms as may be approved by any one or more of the Authorized Officers, as reasonably necessary for the continuing conduct of the affairs of the Companies; (c) execute and deliver and cause the Companies to incur and perform their obligations under the DIP Credit Agreement and the Financing Transactions; (d) finalize the DIP Credit Agreement and Financing Transactions, consistent in all material respects with those that have been presented to and reviewed by the Authorizing Bodies; and (e) pay related fees

10

and grant security interests in and liens upon some, any or all of the Companies' assets, as may be deemed necessary by any one or more of the Authorized Officers in connection with such Financing Transactions.

RESOLVED, that each of the Authorized Officers (and their designees and delegates), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Companies, as debtors and debtors in possession, to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, deliver and cause the Companies to incur and perform their obligations under the DIP Credit Agreement and the "Credit Documents" (collectively, the "DIP Loan Documents"), any Commodity Hedging Agreements, Hedging Agreements, any Secured Cash Management Agreements, any agreements with any Letter of Credit Issuer, and all other agreements, instruments and documents (including, without limitation, any and all other intercreditor agreement, joinders, mortgages, deeds of trust, consents, notes, pledge agreements, security agreements, control agreements, interest rate swaps, caps, collars or similar hedging agreement and any agreements with any entity (including governmental authorities) requiring or receiving cash collateral, letters of credit or other credit support with proceeds from the DIP Credit Agreement) or any amendments thereto or waivers thereunder (including, without limitation, any amendments, waivers or other modifications of any of the DIP Loan Documents) that may be contemplated by, or required in connection with, the DIP Credit Agreement, the DIP Loan Documents and the Financing Transactions (collectively, the "DIP Financing Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the transactions contemplated by the DIP Credit Agreement and DIP Loan Documents, which determination shall be conclusively evidenced by his or her execution or delivery thereof.

RESOLVED, that the form, terms and provisions of the DIP Credit Agreement and each of the other DIP Loan Documents be, and the same hereby are in all respects approved, and that any Authorized Officers or other officers of the Companies are hereby authorized and empowered, in the name of and on behalf of the Companies, to execute and deliver and to execute and file the DIP Credit Agreement and each of the DIP Loan Documents to which the Companies are a party, each in the form or substantially in the form thereof submitted to the Authorizing Bodies, with such changes, additions and modifications thereto as the officers of the Companies executing the same shall

approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof.

RESOLVED, that the Authorized Officers and each other officer of the Companies be, and each of them hereby are, authorized and empowered to authorize the DIP Agent to file any UCC financing statements and any necessary assignments for security or other documents in the name of the Companies that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a super-generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Companies and such other filings in respect of intellectual and other property of the Companies, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent on behalf of itself and the other secured parties under the DIP Loan Documents.

RESOLVED, that each of the Authorized Officers be, and hereby are, authorized and empowered, in consultation with the Authorizing Bodies, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement or any of the other DIP Loan Documents or any of the other DIP Financing Documents, and to execute and file on behalf of the Companies all petitions, schedules, lists and other motions, papers or documents, which shall in his or her sole judgment be necessary, proper or advisable, which determination shall be conclusively evidenced by his or her execution thereof.

RESOLVED, that the Companies will obtain benefits from the incurrence of the loans and letters of credit under the DIP Credit Agreement by the Borrower and the occurrence and consummation of the Financing Transactions under the DIP Credit Agreement and the DIP Loan Documents and the transactions under the DIP Financing Documents, which are necessary and appropriate to the conduct, promotion and attainment of the businesses of the Companies.

RESOLVED, that the Commitment Letter and Fee Letter, each dated as of the date presented to the Authorizing Bodies, among the Joint Lead Arrangers (as defined therein) and the Companies and any other documents or agreements executed in connection therewith are hereby in all respects approved and ratified as the true acts and deeds of the Companies and the forms, terms and provisions and the

Authorized Officers' execution of the same are in all respects approved and authorized.

RESOLVED, that the capitalized terms used in the resolutions under the caption "Debtor-in-Possession Financing" and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreement.

**GENERAL**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Companies, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that all members of the Authorizing Bodies of the Companies have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Companies, or hereby waive any right to have received such notice.

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Companies with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Authorizing Bodies.

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Companies with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Companies, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers reasonable business judgment as may be

KE 28281694.4

necessary or appropriate to effectuate the purposes of the transactions contemplated herein.

RESOLVED, that signatures from each of the members of the Authorizing Bodies will be collected and placed into escrow, and all acts, actions, and transactions contemplated by these resolutions will not be deemed effective until a member of each of the Authorizing Bodies confirms in writing the release of the signatures from escrow.

********

KE 28281694.4

IN WITNESS WHEREOF, the undersigned have executed this Consent as of the date above first written.

_____
Carter, Michael L.


_____
Keglevic, Paul M.

IN WITNESS WHEREOF, the undersigned have executed this Consent as of the date above first written.

_____
Carter, Michael L.

_____
Keglevic, Paul M.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-_____  (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE 50 LARGEST UNSECURED CLAIMS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The following is the consolidated list of the Debtors' creditors holding the 50 largest unsecured claims (the "Consolidated List") based on the Debtors' books and records with trade claim balances from multiple dates no earlier than March 31, 2014, and debt claim balances estimated to reflect principal and accrued interest through April 28, 2014. The Consolidated List has been prepared for filing in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure. The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in section 101(31) of the Bankruptcy Code or (2) deficiency claims of secured creditors. No creditor listed herein is a minor child. The information contained herein shall neither constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, the information herein, including the failure of the Debtors to list any claim as contingent, unliquidated, or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority, or amount of any claim.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim[2] |
|---|---|---|---|---|
| 1 | LAW DEBENTURE TRUST COMPANY OF NEW YORK<br>Attn:   Frank Godino - Vice President<br>Addr:   400 Madison Avenue - Suite 4D<br>       New York, NY  10017<br>       USA<br>Phone:  (646) 747-1251<br>Fax:    (212) 750-1361<br>Email:  frank.godino@lawdeb.com<br><br>-- and --<br><br>Patterson Belknap Webb & Tyler LLP<br>Re:     Law Debenture Trust Company<br>       of New York<br>Attn:   Daniel A. Lowenthal - Counsel<br>       1133 Avenue of the Americas<br>       New York, NY  10036<br>       USA<br>Phone:  (212) 336-2720<br>Fax:    (212) 336-1253<br>Email:  dalowenthal@pbwt.com | Unsecured Debt | Unliquidated | $5,505,163,811 |
| 2 | AMERICAN STOCK TRANSFER AND TRUST COMPANY, LLC<br>Attn:   Paul Kim - General Counsel<br>Addr:   6201 15TH Avenue<br>       Brooklyn, NY  11219<br>       USA<br>Phone:  (718) 921-8183<br>Fax:    (718) 331-1852<br>Email:  pkim@Amstock.com<br><br>--and--<br><br>Nixon Peabody LLP<br>Re: American Stock Transfer and Trust<br>       Company, LLC<br>Attn:   Amelia M. Charamba - Counsel<br>Addr:   100 Summer Street<br>       Boston, MA  02110<br>       USA<br>Phone:  (617) 345-1041<br>Fax:    (866) 244-1527<br>Email:  acharamba@nixonpeabody.com | Unsecured Debt | Unliquidated | $2,565,874,358 |

---

[2]    With respect to any trade claim for which the creditor was the beneficiary of a letter of credit, the amounts listed herein are net of any outstanding letters of credit.

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim[2] |
|---|---|---|---|---|
| 3 | UMB BANK, N.A.<br>Attn:    Laura Roberson - Vice President<br>Addr:    2 South Broadway<br>        Suite 600<br>        St Louis, MO  63102<br>        USA<br>Phone:  (314) 612-8484<br>Fax:    (314) 612-8499<br>Email:  laura.roberson@UMB.com<br><br>--and--<br><br>Foley & Lardner, LLP<br>Re:  UMB Bank, N.A.<br>Attn:    Harold L Kaplan, Mark F Hebbeln -<br>        Counsel<br>Addr:    321 N Clark Street, Suite 2800<br>        Chicago, IL  60654<br>        USA<br>Phone:  (312) 832-4393, (312) 832-4394<br>Fax:    (312) 832-4700<br>Email:  hkaplan@foley.com,<br>        mhebbeln@foley.com | Unsecured Debt | Unliquidated | $1,649,363,974 |
| 4 | THE BANK OF NEW YORK MELLON TRUST COMPANY<br>Attn:    Rafael Martinez - Vice President -<br>        Client Service Manager<br>Addr:    601 Travis Street<br>        Houston, TX  77002<br>        USA<br>Phone:  (713) 483-6535<br>Fax:    (713) 483-6954<br>Email:   rafael.martinez@bnymellon.com<br><br>--and--<br><br>The Bank of New York Mellon Trust Company<br>Attn:    Thomas Vlahakis - Vice President<br>Addr:    385 Rifle Camp Road<br>        3rd Floor<br>        Woodland Park, NJ 07424<br>        USA<br>Phone:  (973) 247-4742<br>Fax:    (713) 483-6954 | Unsecured Debt | Unliquidated | $891,404,403 |
| 5 | HOLT CAT<br>Attn:    Michael Puryear - General Counsel<br>Addr:    3302 S W.W. White Rd<br>        San Antonio, TX  78222<br>        USA<br>Phone:  (210) 648-1111<br>Fax:    (210) 648-0079<br>Email:  michael.puryear@holtcat.com | Trade | Unliquidated | $11,400,000 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim[2] |
|---|---|---|---|---|
| 6 | ADA CARBON SOLUTIONS (RED RIVER ENVIRONMENTAL PRODUCTS)<br>Attn:    Peter O. Hansen - General Counsel<br>Addr:    1460 W. Canal Court<br>            Littleton, CO  80120<br>            USA<br>Phone:  (303) 962-1977<br>Fax:     (303) 962-1970<br>Email:   peter.hansen@ada-cs.com;<br>            info@ada-cs.com | Trade | Unliquidated | $10,508,908 |
| 7 | FLUOR GLOBAL SERVICES<br>Attn:    Carlos M. Hernandez - Executive<br>            Vice President, Chief Legal Officer<br>            and Secretary<br>Addr:    6700 Las Colinas Blvd<br>            Irving, TX  75039<br>            USA<br>Phone:  (469) 398-7000<br>Fax:     (469) 398-7255<br>Email:   carlos.hernandez@fluor.com | Trade | Unliquidated | $9,283,826 |
| 8 | BNSF RAILWAY COMPANY<br>Attn:    Roger Nober - Executive VP, Law<br>            and Corporate Affairs<br>Addr:    2650 Lou Menk Drive<br>            Fort Worth, TX  76131<br>            USA<br>Phone:  (817) 352-1460<br>Fax:     (817) 352-7111<br>Email:   roger.nober@bnsf.com | Trade | Unliquidated | $8,353,152 |
| 9 | HCL AMERICA INC<br>Attn:    Raghu Raman Lakshmanan - General<br>            Counsel<br>Addr:    330 Potrero Avenue<br>            Sunnyvale, CA  94085<br>            USA<br>Phone:  (408) 523-8331<br>Fax:     (408) 733-0482<br>Email:   rlakshmanan@hcl.com | Trade | Unliquidated | $8,137,238 |
| 10 | SHAW MAINTENANCE (CB&I)<br>Attn:    Richard E. Chandler, Jr. - President<br>            and Chief Executive Officer<br>Addr:    c/o CB&I - One CB&I Plaza<br>            2103 Research Forest Drive<br>            The Woodlands, TX  77380<br>            USA<br>Phone:  (832) 513-1000<br>Fax:     (832) 513-1094<br>Email:   richard.chandler@cbi.com | Trade | Unliquidated | $6,900,000 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim[2] |
|---|---|---|---|---|
| 11 | WESTINGHOUSE ELECTRIC CO LLC<br>Attn:   Mike Sweeney - Senior Vice President & General Counsel Legal & Contracts<br>Addr:   1000 Westinghouse Drive, Suite 572A Cranberry Township, PA  16066 USA<br>Phone:  (724) 940-8323<br>Fax:    (724) 940-8518<br>Email:  holtsa@westinghouse.com | Trade | Unliquidated | $4,607,855 |
| 12 | CENTERPOINT ENERGY HOUSTON<br>Attn:   Mark Schroeder  - Senior Vice President and Deputy General Counsel<br>Addr:   1111 Louisiana Street Houston, TX  77002 USA<br>Phone:  (713) 207-7053<br>Fax:    (713) 207-9233<br>Email:  mark.schroeder@centerpointenergy.com | Trade | Unliquidated | $3,433,868 |
| 13 | ASHER MEDIA INC<br>Attn:   Kalyn Asher - President<br>Addr:   15303 Dallas Parkway, Suite 1300 Addison, TX  75001 USA<br>Phone:  (214) 580-8750<br>Fax:    (972) 732-1161<br>Email:  kalyn@ashermedia.com | Trade | Unliquidated | $3,292,625 |
| 14 | MINE SERVICE LTD<br>Attn:   Keith Debault - President<br>Addr:   855 E US Highway 79 Rockdale, TX  76567 USA<br>Phone:  (512) 446-7011<br>Fax:    (512) 446-7195<br>Email:  keithdebault@msirockdale.com | Trade | Unliquidated | $2,703,008 |
| 15 | COURTNEY CONSTRUCTION INC<br>Attn:   Karlos Courtney - Owner<br>Addr:   2617 US Hwy 79N Carthage, TX  75633 USA<br>Phone:  (903) 694-2911<br>Fax:    (903) 694-2921<br>Email:  karloscourtney@courtneyconstruction.com | Trade | Unliquidated | $2,640,695 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim[2] |
|---|---|---|---|---|
| 16 | SIEMENS POWER GENERATION INC<br>Attn: Christopher Ranck - Vice President and General Counsel<br>Addr: 4400 N Alafaya Trl<br>Orlando, FL 32826<br>USA<br>Phone: (407) 333-2476<br>Fax: (972) 550-2101<br>Email: chris.ranck@siemens.com | Trade | Unliquidated | $2,487,807 |
| 17 | BRAKE SUPPLY CO INC<br>Attn: David Koch - CEO & President<br>5501 Foundation Blvd<br>Evansville, IN 47725<br>USA<br>Phone: (812) 467-1000<br>Fax: (812) 429-9425<br>Email: sales@brake.com | Trade | Unliquidated | $2,450,000 |
| 18 | HYDROCARBON EXCHANGE CORP.<br>Attn: R Scott Hopkins - President<br>Addr: 5910 N. Central Expy.<br>STE 1380<br>Dallas, TX 75206<br>USA<br>Phone: (214) 987-0257<br>Fax: (214) 987-0670<br>Email: msavage@hydrocarbonexchange.com | Trade | Unliquidated | $2,370,303 |
| 19 | SECURITAS SECURITY SERVICES USA<br>Attn: Sonia Jasman - President<br>2 Campus Drive<br>Parsippany, NJ 07054-4400<br>USA<br>Phone: (973) 267-5300<br>Fax: (973)-397-2491<br>Email: contact@securitasinc.com | Trade | Unliquidated | $2,274,827 |
| 20 | TRANSACTEL INC<br>Attn: Guillermo Montano - Chief Executive Officer<br>Addr: 18 Calle 25-85 Z.10<br>Torre Transactel Pradera<br>Guatemala City,<br>Guatemala<br>Phone: 011 502 2223-0000<br>Fax: 011 502 2223 0004<br>Email: gmontano@transactel.net | Trade | Unliquidated | $2,191,210 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim[2] |
|---|---|---|---|---|
| 21 | MERICO ABATEMENT CONTRACTORS INC<br>Attn: Mike Merritt - President<br>Addr: 201 Estes Dr<br>Longview, TX 75602-6100<br>USA<br>Phone: (903) 757-2656<br>Fax: (903) 757-8864<br>Email: Mike@Merritt.net | Trade | Unliquidated | $2,016,224 |
| 22 | ALCOA<br>Attn: Max W. Laun - Vice President and General Counsel<br>Addr: 201 Isabella Street<br>Pittsburgh, PA 152195858<br>USA<br>Phone: (412) 553-4569<br>Fax: (412) 553-4064<br>Email: max.laun@alcoa.com | Trade | Unliquidated, Disputed, Subject to setoff | $1,793,501 |
| 23 | AUTOMATIC SYSTEMS INC<br>Attn: Michael Hoehn - President<br>9230 East 47th Street<br>Kansas City, MO 64133<br>USA<br>Phone: (816) 356-0660<br>Fax: (816) 356-5730<br>Email: michael.hoehn@asi.com | Trade | Unliquidated | $1,724,583 |
| 24 | RANGER EXCAVATING LP<br>Attn: Jack Carmody - President<br>Addr: 5222 Thunder Creek Road<br>Austin, TX 78759<br>USA<br>Phone: (512) 343-9613<br>Fax: (512) 343-9618<br>Email: jack.carmody@rangerexcavating.com | Trade | Unliquidated | $1,630,396 |
| 25 | GRAINGER<br>Attn: John L. Howard - General Counsel<br>Addr: 100 Grainger Pkwy<br>Lake Forest, IL 60045<br>USA<br>Phone: (847) 535-1000<br>Fax: (847) 535-0878<br>Email: john.howard@grainger.com | Trade | Unliquidated | $1,618,371 |
| 26 | WARFAB<br>Attn: Malcolm Clevenstine - President and CEO<br>Addr: 607 Fisher Rd<br>Longview, TX 75604<br>USA<br>Phone: (903) 295-1011<br>Fax: (903) 295-1982<br>Email: info@warfabinc.com | Trade | Unliquidated | $1,566,782 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim[2] |
|---|---|---|---|---|
| 27 | AMECO INC<br>Attn:  Gary Bernardez - President<br>Addr:  2106 Anderson Road<br>Greenville, SC  29611<br>USA<br>Phone:  (864) 295-7800<br>Fax:  (864) 295-7962<br>Email:  gary.bernardez@ameco.com | Trade | Unliquidated | $1,517,134 |
| 28 | CAPGEMINI NORTH AMERICA INC<br>Attn:  Isabelle Roux-Chenu  -<br>International Legal Affairs<br>Addr:  623 Fifth Ave 33rd Floor<br>New York, NY  10022<br>USA<br>Phone:  (212) 314-8000<br>Fax:  (212) 314-8001<br>Email:  isabelle.roux-<br>chenu@capgemini.com | Trade | Unliquidated | $1,481,812 |
| 29 | TEXAS-NEW MEXICO POWER COMPANY<br>Attn:  Patrick Apodaca - Senior Vice<br>President, General Counsel,<br>Secretary<br>Addr:  414 Silver Avenue SW<br>Albuquerque, NM  87102-3289<br>USA<br>Phone:  (505) 241-2700<br>Fax:  (505) 241-4311<br>Email:  patrick.apodaca@tnmp.com | Trade | Unliquidated | $1,456,189 |
| 30 | GENERATOR & MOTOR SERVICES INC<br>Attn:  President<br>Addr:  601 Braddock Ave<br>Turtle Creek, PA 15145<br>USA<br>Phone:  (412) 829-7500<br>Fax:  (412) 829-1692 | Trade | Unliquidated | $1,400,000 |
| 31 | PERFORMANCE CONTRACTING INC<br>Attn:  Chuck William - SVP & General<br>Counsel<br>Addr:  16400 College Blvd<br>Lenexa, KS  66219<br>USA<br>Phone:  (913) 888-8600<br>Fax:  (913) 492-8723<br>Email:  info@pcg.com | Trade | Unliquidated | $1,399,234 |
| 32 | BENCHMARK INDUSTRIAL SERVICES<br>Attn:  Mike Wilcox - Owner<br>Addr:  2100 State Highway 31 E<br>Kilgore, TX  75662<br>USA<br>Phone:  (903) 983-2951<br>Fax:  (903) 984-0982<br>Email:  mwilcox@benchmarkisi.com | Trade | Unliquidated | $1,389,644 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim[2] |
|---|---|---|---|---|
| 33 | PIERCE CONSTRUCTION INC<br>Attn:  Kenneth Pierce - Owner<br>Addr:  4324 State Hwy 149<br>        Beckville, TX  75631<br>        USA<br>Phone:  (903) 678-3748<br>Fax:  (903) 678-3896<br>Email:  kenneth@pierceconstructioninc.com | Trade | Unliquidated | $1,357,107 |
| 34 | RYAN PARTNERSHIP (FORMERLY SOLUTIONSET)<br>Attn:  Mary Perry - President<br>Addr:  440 Polaris Parkway<br>        Westerville, OH  43082<br>        USA<br>Phone:  (614) 844-3973<br>Fax:  (614) 436-6640<br>Email:  mary.perry@ryanpartnership.com | Trade | Unliquidated | $1,305,595 |
| 35 | TEAM EXCAVATING<br>Attn:  Wayne Yost, Owner - President<br>Addr:  815 N Main Street<br>        Wrens, GA  30833<br>        USA<br>Phone:  (706) 547-6554<br>Fax:  (706) 547-6553<br>Email:  wyost@teamexcavatingco.com | Trade | Unliquidated | $1,266,986 |
| 36 | SITEL LLC<br>Attn:  David Beckman - General Counsel<br>Addr:  3102 West End Avenue<br>        Nashville, TN  37203<br>        USA<br>Phone:  (615) 301-7100<br>Fax:  (615) 301-7252<br>Email:  david.beckman@sitel.com | Trade | Unliquidated | $1,262,603 |
| 37 | TPUSA<br>Attn:  John Warren May - Chief Legal Officer<br>Addr:  1991 South 4650 West<br>        Salt Lake City, UT  84104<br>        USA<br>Phone:  (801) 257-5811<br>Fax:  (801) 257-6246<br>Email:  john.may@teleperformance.com | Trade | Unliquidated | $1,236,218 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim² |
|---|---|---|---|---|
| 38 | KANSAS CITY SOUTHERN RAILWAY (KCS)<br>Attn: William Wochner - Chief Legal Officer<br>Addr: 427 West 12th Street<br>Kansas City, MO  64105<br>USA<br>Phone: (816) 983-1303<br>Fax: (816) 783-1501<br>Email: wwochner@kcsouthern.com | Trade | Unliquidated | $1,231,792 |
| 39 | HEADWATERS RESOURCES INC<br>Attn: Harlan M. Hatfield - Vice President, Secretary & General Counsel<br>Addr: 10701 S River Front Parkway Suite 300<br>South Jordan, UT  84095<br>USA<br>Phone: (801) 984-9400<br>Fax: (801) 984-9410<br>Email: hhatfield@headwaters.com | Trade | Unliquidated | $1,215,760 |
| 40 | TRENT WIND FARM L.P.<br>Attn: President or General Counsel -<br>Addr: Trent Wind Farm 1423 CR 131<br>Trent, TX  79561<br>USA<br>Phone: (614) 583-7035<br>Fax: (614) 583-1691<br>Email: clmcgarvey@aep.com | Trade | Unliquidated | $1,188,168 |
| 41 | LOWER COLORADO RIVER AUTHORITY<br>Attn: Phil Wilson - General Manager<br>Addr: Transmission Services Corp<br>Austin, TX  78703<br>USA<br>Phone: (512) 473-3200<br>Fax: (512) 578-3520<br>Email: general.manager@lcra.org | Trade | Unliquidated | $1,167,381 |
| 42 | FRISCO CONSTRUCTION SERVICES<br>Attn: Clay Thomas - Chief Executive Officer<br>Addr: 9550 John W. Elliott Drive, Suite 106<br>Frisco, TX  75033<br>USA<br>Phone: (214) 975-0808<br>Fax: (214) 975-0811<br>Email: cthomas@friscocs.com | Trade | Unliquidated | $1,097,597 |

10

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim[2] |
|---|---|---|---|---|
| 43 | CRANE NUCLEAR INC<br>Attn:    President or General Counsel<br>Addr:    2825 Cobb International Blvd NW<br>            Kennesaw, GA  30152<br>            USA<br>Phone:  (770) 429-4600<br>Fax:      (770) 429.4750<br>Email:    cinfo@cranevs.com | Trade | Unliquidated | $1,062,900 |
| 44 | AEP TEXAS NORTH COMPANY<br>Attn:    Mr. Charles R. Patton - President<br>            and Chief Operating Officer<br>Addr:    1 Riverside Plaza<br>            Columbus, OH  43215-2372<br>            USA<br>Phone:  (614) 716-1000<br>Fax:      (614) 716-1823<br>Email:    Mmiller@apgellc.com | Trade | Unliquidated | $1,032,018 |
| 45 | J & S CONSTRUCTION LLC<br>Attn:    Jeff Grodel - Owner<br>Addr:    10823 N US Highway 75<br>            Buffalo, TX  75831<br>            USA<br>Phone:  (903) 322-4942<br>Fax:      (903) 322-1940 | Trade | Unliquidated | $969,154 |
| 46 | FL SMIDTH AIRTECH INC<br>Attn:    Mark Brancato - General Counsel<br>Addr:    Cement Projects Americas<br>            2040 Avenue C<br>            Bethlehem, PA  18017<br>            USA<br>Phone:  (610) 264-6011<br>Fax:      (610) 264-6170<br>Email:    Mark.Brancato@flsmidth.com | Trade | Unliquidated | $945,329 |
| 47 | NORTHEAST TEXAS POWER LTD<br>Attn:    David Petty - President<br>Addr:    3163 Fm 499<br>            Cumby, TX  75433<br>            USA<br>Phone:  (903) 994-4200<br>Fax:      (903) 994-2747<br>Email:    petty@northeasttexaspower.com | Trade | Unliquidated | $853,744 |
| 48 | TAGGART GLOBAL LLC<br>Attn:    John Luke - General Counsel & Corp.<br>            Secretary<br>Addr:    c/o Forge Group Ltd<br>            4000 Town Center Boulevard<br>            Canonsburg, PA  15317<br>            USA<br>Phone:  (724) 754-9800<br>Fax:      (724) 754-9801<br>Email:    Info@forgegroup.com | Trade | Unliquidated | $828,978 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim[2] |
|---|---|---|---|---|
| 49 | DATA SYSTEMS & SOLUTIONS LLC (ROLLS ROYCE)<br>Attn:   Miles Cowdry - President<br>       Rolls-Royce Civil Nuclear<br>Addr:   994-A Explorer Blvd<br>       Huntsville, AL  35806<br>       USA<br>Phone:  (800) 632-5126<br>Fax:    (317) 230-4699<br>Email:  Miles.Cowdry@rolls-royce.com | Trade | Unliquidated | $822,000 |
| 50 | PENSION BENEFIT GUARANTY CORPORATION<br>Attn:   Israel Goldowitz - Office Of The<br>       Chief Counsel<br>Addr:   1200 K Street, NW<br>       Washington, DC  20005-4026<br>       USA<br>Phone:  (202) 326-4020<br>Fax:    (202) 326-4112<br>Email:  Goldowitz.Israel@pbgc.gov | Pension | Contingent, Unliquidated | Unknown |

## DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746, I, Anthony R. Horton, the duly qualified and authorized signatory of Energy Future Holdings Corp., declare under penalty of perjury that I have reviewed the foregoing list of creditors holding unsecured claims and that it is true and correct to the best of my information and belief.

Dated: April 29, 2014

( Anthony R. Horton
Treasurer